**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555
**JACKSON & FOSTER, LLC**
SIDNEY W. JACKSON, III (*pro hac vice*)
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699
Fax: (251) 433-6127

*Counsel for Plaintiff and the Putative Class*

**WINSTON & STRAWN LLP**
Stephen R. Smerek (SBN: 208343)
*ssmerek@winston.com*
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615- 1735
Facsimile: (213) 615-1750

George C. Lombardi (*pro hac vice*)
*glombardi@winston.com*
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

John J. Rosenthal (admitted *pro hac vice*)
Adam S. Nadelhaft (admitted *pro hac vice*)
jrosenthal@winston.com
anadelhaft@winston.com
**WINSTON & STRAWN LLP**
1700 K Street, N.W.
Washington, D.C.  20006-3817
Telephone: (202) 282-5785
Facsimile:  (202) 282-5100

*Attorneys for Defendant MONSANTO COMPANY*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISABETH MARTIN, on behalf of herself, all others similarly situated, and the general public,<br><br>   Plaintiff,<br><br>  v.<br><br>MONSANTO COMPANY,<br><br>   Defendant. | Case No.: 5:16-cv-02168-JFW (SPx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Judge:    Hon. John F. Walter<br>Scheduling Conf.: January 30, 2017, 8:30 a.m. |

On December 15, 2016, counsel for plaintiff Elisabeth Martin ("Plaintiff") and defendant Monsanto Company ("Monsanto") participated in a telephone conference to meet and confer pursuant to Federal Rule of Civil Procedure Rule 26(f), and now submit the following statement.

## I.   REPORT ON CONFERENCE OF PARTIES [C.D. Cal. Civ. L.R. 26-1 and Order Setting Scheduling Conference (Dkt. No. 27, "Order")]

### A.   Jurisdiction & Service [Order Topic No. 1]

Plaintiff alleges that this Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (*See* Dkt. No. 19, First Am. Compl. ("FAC") ¶ 5.) Plaintiff also alleges that the Court has federal question jurisdiction because plaintiff brings a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* (*Id.*)

Monsanto states that Plaintiff has adequately plead that this Court has jurisdiction over this action pursuant to the Class Action Fairness Act, however, it reserves its right to assert that this Court does not have subject matter jurisdiction after discovery has been exchanged between the parties.  If this Court does not have subject matter jurisdiction pursuant to the Class Action Fairness Act, then it also does not have subject matter jurisdiction under the Magnuson-Moss Warranty Act.

There are no issues regarding personal jurisdiction or venue, and no parties remain to be served.

### B.   Summary of Facts and Complexity of Case [Local Rule 26-1(a) and Order Topic Nos. 2, 14]

In this putative class action, Plaintiff alleges Monsanto labels its Roundup Weed & Grass Killer Concentrate Plus and Roundup Weed & Grass Killer Super Concentrate (the "Roundup Concentrates") in violation of the California Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act, and breaches express and implied warranties, by representing that the Roundup Concentrates are capable of making about double the amount of spray solution they are actually capable of making to address the specific uses for which they are advertised. Monsanto denies plaintiff's factual and legal

contentions in the FAC, and that the class is entitled to relief.  Monsanto asserts that the labels on the Roundup Concentrates are accurate and have been fully approved by the Environmental Protection Agency ("EPA").

Pled as a class action, this case is a false advertising case involving a single defendant and a single challenged claim made with respect to two Roundup herbicide products. The case, therefore, does not warrant utilization of the Manual For Complex Litigation.

### C.    Principal Factual and Legal Issues in Dispute [Order Topic Nos. 2-3, 16]

Plaintiff asserts this is a case where the principal issues tend to be ones of "mixed" fact and law: (1) whether the challenged claims are material to consumers, as set forth in *In re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009); (2) whether the Roundup Concentrate labeling is false, misleading, unlawful or unfair to the reasonable consumer under Cal. Civ. Code §§ 1750 *et seq.;* Cal. Bus. & Prof. Code §§ 17500 *et seq.*; and/or Cal. Bus. & Prof. Code § 17200 *et seq.*; (3) whether the Roundup Concentrates' label makes express or implied warranties, and, if so, whether Monsanto breached them under Cal. Com. Code § 2313(1),  Cal. Com. Code § 2314(2)(f), or 15 U.S.C. §§ 2301 *et seq.*; (4) whether the action may proceed as a class action under Fed. R. Civ. P. 23; and (5) whether plaintiff or the class are entitled to any form of relief, and, if so, the form, amount, and nature of such relief. This straightforward false advertising case does not present any unusual legal issues.

Monsanto agrees that this is a false advertising case.  However, Monsanto asserts that there is no dispute as to the material facts of this case.  For instance, there is no dispute that the what the label says is clear and unambiguous, and that the label was approved by the EPA. Further, Plaintiff's claims are also governed by the "reasonable consumer" test, which focuses on whether "members of the public are likely to be deceived."  *Williams v. Gerber Prods. Co.*, 552 F. 3d 934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F. 3d 285, 289 (9th Cir. 1995)).  Here, the Ninth Circuit has already held that a reasonable customer would not be mislead by a label like the one at issue here.  "A reasonable consumer would not have been deceived by Defendants' statements, ***which included the qualifier 'up to' (meaning the same***

*or less than*).” *Maloney v. Verizon Internet Services, Inc.*, 413 F. App'x 997, 999 (9th Cir. 2011) (affirming a motion to dismiss) (emphasis added).

Monsanto asserts that in addition to the legal issues put forward by Plaintiff, additional issues to be resolved are: (1) whether Plaintiff's claims fail as a matter of law because they are expressly preempted by federal law; (2) whether Plaintiff's claim under the Magnuson–Moss Warranty Act fails as a matter of law because the label at issue is not a written warranty as defined under the Act; and (3) whether Plaintiff lacks standing to pursue claims regarding products that she did not purchase.

**D.   Relief Sought and Damages [Order Topic No. 9]**

<u>Relief Sought</u>

Plaintiff seeks: (1) an Order (a) declaring this action to be a proper class action, appointing plaintiff as class representative, and appointing her undersigned counsel as class counsel; (b) requiring Monsanto to bear the cost of class notice; (c) enjoining Monsanto from engaging in the unfair, unlawful, and deceptive business practices and false advertising; (d) compelling Monsanto to conduct a corrective advertising campaign; (e) compelling Monsanto to recall and destroy all misleading and deceptive advertising materials and product labels; (f) requiring Monsanto to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice; (g) requiring Monsanto to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, plus pre-and post-judgment interest thereon; and (h) requiring Monsanto to pay all actual, statutory, compensatory, and punitive damages permitted under the causes of action alleged herein; (2) pre- and post-judgment interest; (3) attorneys' fees and costs; and (4) any other appropriate relief. (FAC ¶ 112).

Monsanto agrees that this is the relief sought by Plaintiff in her Amended Complaint, but disagrees that Plaintiff is entitled to any of the relief sought. Monsanto also asserts that Plaintiff does not have standing to seek injunctive relief, and has no right to disgorgement that is not restitutionary in nature.

Plaintiff's Statement Regarding Damages

For Monsanto's breach of warranty, plaintiff and the class members are entitled to their expectation damages, and for consumer fraud, their out-of-pocket damages. Because this is an under-fill case in which Monsanto's representation was about the very *amount* of product it was actually selling consumers, and thus implicitly also the value it was offering them (*see* FAC ¶¶ 38-39), though based on differing theories, in this case the calculation is the same, and is equal to the short-changed amount times the average retail price of each Roundup Concentrate product. Plaintiff is not yet able to provide an exact calculation.

Plaintiff believes Monsanto's statement below is bad faith and does not conform to the requirements of Order Topic No. 9. Otherwise, any defendant could always simply deny that if liability is established, the plaintiff has suffered any damages, and thereby avoid "describ[ing] the bases on which it contends damages should be calculated if liability is established" (Dkt. No. 27 at 1). Notably, while Monsanto says it "does not believe damages can be established on a class basis"—incidentally invoking an argument that has been soundly rejected *ad nauseam*[1]—it has not addressed how *plaintiff's* damages "should be calculated if liability is established" with respect to her *individual* claims.

The Court should, respectfully, require Monsanto to take a position, or else preclude it from challenging the propriety of any damages model plaintiff offers in support of class certification.

---

[1] *See*, *e.g.*, *Labrier v. State Farm Fire & Cas. Co.*, 315 F.R.D. 503, 521-22 (W.D. Mo. 2016) ("[C]ourts in every circuit have uniformly held that the 23(b)(3) predominance requirement is satisfied despite the need to make individualized damage determinations and a recent dissenting decision of four Supreme Court Justices characterized the point as 'well-nigh universal.'" (quoting Wm. Rubenstein, Newberg on Class Actions, § 4:54 (Winter 2013 Supp.) (citing *Comcast Corp. v. Behrend*, —— U.S. ——, 133 S .Ct. 1426, 1437 (2013) (Ginsberg and Breyer, JJ., dissenting)))); *see also Levya v. Medline Indus., Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

*Martin v. Monsanto Company*, Case No. 16-cv-2168
JOINT RULE 26(f) REPORT

Monsanto's Statement Regarding Damages

If liability is established, Monsanto does not believe that damages can be established on a class basis because every member of the purported class bought different amounts of the Roundup Concentrates and used the Roundup Concentrates differently.

**E.     Motion Schedule [Local Rule 26-1(b) and Order Topic Nos. 4, 15]**

On December 12, 2016, Monsanto filed a motion to dismiss plaintiff's First Amended Complaint, with a hearing set for January 23, 2017. (Dkt. No. 26.) Plaintiff anticipates filing a motion for class certification, and may file a motion for summary judgment or partial summary judgment. Monsanto will oppose any motion for class certification, may file a motion for summary judgment or partial summary judgment, and reserves its right to file a motion to dismiss based on lack of subject matter jurisdiction.  The parties propose a deadline of one month after the close of discovery to file motions for summary judgment or partial summary judgment.

**F.     Certification as to Interested Parties or Persons [Order Topic No. 10]**

Both parties have filed their Certifications and Notice of Interested Parties. Plaintiff restates that the following listed parties may have a pecuniary interest in the outcome of this case: 1. Plaintiff Elisabeth Martin; 2. Defendant Monsanto Company. (Dkt. No. 5.) Defendant restates that the following listed parties may have a pecuniary interest in the outcome of this case: Monsanto Company and Elisabeth Martin. (Dkt. No. 23.)

**G.     ADR Selection and Settlement Efforts [Local Rule 26-1(c) and Order Topic No. 13]**

No substantive settlement discussions have occurred to date. The parties believe ADR Procedure No. 3 in Local Rule 16-15.4, participating in private mediation, is best suited to the circumstances of this case, and believe that mediation would be most productive after Monsanto's motion to dismiss is resolved.

**H.     Trial Estimate and Jury [Local Rule 26-1(d) and Order Topic No. 12]**

Legal claims under the CLRA and for breach of warranty will be tried to the jury, while equitable claims under the UCL, FAL, and CLRA will be tried to the Court. Plaintiff expects the trial to last 10 court days.  Monsanto expects the trial to last no longer than 5 court days.

**I.     Additional Parties/Amending the Pleadings [Local Rule 26-1(e) and Order Topic No. 5]**

Plaintiff is exploring the extent to which it may be necessary or advisable to bring into the case another defendant, The Scotts Company ("Scotts"), as the Roundup Concentrates are sold by Scotts through an agency agreement with Monsanto.  Monsanto has no intention of bringing Scotts in as a party.  The parties are unaware of whether discovery will suggest the possibility of any further parties, claims or defenses. Given the early procedural posture, the parties propose a deadline of January 30, 2017 to amend the pleadings to add any parties, claims, or defenses.

**J.     Expert Witnesses [Local Rule 26-1(f)]**

Plaintiff's Statement

Plaintiff proposes that expert witness disclosures be due approximately one month after the close of fact discovery, and rebuttal expert witness disclosures be due approximately two months after the close of fact discovery, with the deadline for deposing experts approximately three months after the close of fact discovery.

Monsanto proposes below an extended briefing schedule relating to plaintiff's class certification motion. Plaintiff believes setting now any such briefing schedule is premature, and may be unnecessary depending on how plaintiff ultimately elects to proceed with her certification motion. That itself may depend on how cooperative Monsanto is in providing the discovery plaintiff has requested.[2]

---

[2] In compliance with paragraph 4(b) of the Court's Standing Order (Dkt. No. 11), on December 5, plaintiff informally requested from Monsanto information about sales, the time periods during which the labels were in use, and the identity of retailers who sold them, but

Rather than try to anticipate now how it might play out, and with plaintiff's motion not due until February 6, 2017, plaintiff suggests the parties discuss an appropriate briefing schedule during the Local Rule 7-3 meet-and-confer preceding the certification motion. If Monsanto is cooperative in producing a witness and documents, and substantively responding to interrogatories, in advance of the certification motion, there may be justification for an extended briefing schedule, but absent such cooperation, there may not be sufficient justification for a delayed opposition or reply. The parties should discuss what they *actually* need when that is more clear in a few weeks.

Monsanto's Statement

Monsanto agrees with Plaintiff's proposal, with the exception of the briefing schedule and class related discovery.  Monsanto proposes that Plaintiff be required to disclose at the time of the filing her motion for class certification (February 6, 2017) all fact declarations and expert declarations/reports in support of her motion.  Plaintiff should promptly make available for deposition any fact witnesses and/or experts submitting declarations in support of that motion.  Monsanto proposes that its opposition for class certification shall be due on March 6, 2017, along with any supporting fact declarations and expert declarations/reports. Monsanto shall promptly make available for deposition any fact witnesses and/or experts submitting declarations/reports in support of its opposition.  Plaintiff shall file her reply in support of class certification on March 27, 2017.   Any fact or expert declarations submitted in conjunction with the reply shall be limited to rebuttal only.

**K.   Related Cases [Order, Topic No. 8]**

The parties are not aware of any related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

---

Monsanto has not yet provided this information. On December 15, following the parties' Rule 26(f) conference, plaintiff also served document requests and interrogatories. Monsanto's responses are due January 20, 2017, just a couple weeks before the certification motion is due. In addition, plaintiff has noticed a Rule 30(b)(6) deposition of Monsanto for January 19, 2017.

**L.     Severance, Bifurcation, and Ordering of Proof [Order, Topic No. 17]**

Plaintiff does not believe that trial in this action should be severed or bifurcated, and do not propose any changes to the standard ordering of proof. Plaintiff does not believe there are currently grounds for extending the briefing schedule on her anticipated motion for class certification beyond the time provided under the Local Rules, but believes the parties should include this topic in their Local Rule 7-3 meet and confer preceding the filing of the motion.

Monsanto is agreeable to not bifurcating this case, but believes that the parties should be encouraged to concentrate any discovery on class issues first.  Monsanto suggests that Plaintiff file a motion for class certification in accordance with Local Rule 23-3, which would be February 6, 2017.[3]  But because of the holidays, and the potential need for experts, as described above, the remaining briefing schedule for class certification be slightly adjusted:

- February 6, 2017:  Plaintiff files a motion for class certification, which is in accordance with Local Rule 23-3.
- March 6, 2017:  Monsanto files any opposition to Plaintiff's motion for class certification.
- March 27, 2017:  Plaintiff files a reply in support of its motion for class certification.
- April 10, 2017:  Hearing on class certification.

**M.     Lead Trial Counsel ECF Registration and Email Addresses [Order p. 2]**

Lead trial counsel for plaintiff, Jack Fitzgerald, is a registered ECF User and his email address of record is jack@jackfitzgeraldlaw.com. (Dkt. No. 14.) Now that the Court has granted application of Sidney W. Jackson III to appear *pro hac vice* (Dkt. No. 17), plaintiff respectfully requests the Court designate him as additional lead trial counsel for plaintiff. (*See* Dkt. No. 11, Standing Order at 2 ¶ 2 ("Only ONE attorney for a party may be designated as lead trial counsel *unless otherwise permitted by the Court*." (italicized emphasis added).)

---

[3] Plaintiff has not proposed when it would move for class certification or any briefing schedule on that Motion.

1    Lead trial counsel for Monsanto, George C. Lombardi, is a registered ECF User and

2  his email address of record is Glombardi@winston.com. (Dkt. No. 25.)  Now that the Court

3  has granted the application of John J. Rosenthal to appear *pro hac vice* (Dkt. No. 31),

4  Monsanto respectfully requests the Court designate Mr. Rosenthal, a partner at Winston &

5  Strawn LLP with considerable experience in litigation of false advertising claims and

6  discovery issues, as additional lead trial counsel for Monsanto. (*See* Dkt. No. 11, Standing

7  Order at 2 ¶ 2 ("Only <u>ONE</u> attorney for a party may be designated as lead trial counsel *unless*

8  *otherwise permitted by the Court*." (italicized emphasis added).)

9  **II.      DISCOVERY PLAN [Fed. R. Civ. P. 26(f)(3) and Order]**

10    Pursuant to Fed. R. Civ. P. 26(f)(3), the parties set forth the below Discovery Plan.

11  **A.      Changes that should be made in the timing, form, or requirement for**

12  **disclosures under Rule 26(a), and a statement of when initial disclosures**

13  **were made or will be made [FRCP 26(f)(3)(A) and Order Topic No. 6]**

14    Plaintiff served her initial disclosures on December 28, 2016 and provided an

15  electronic courtesy copy to Monsanto on December 29. Monsanto made its initial disclosures

16  on or before December 29, 2016. The parties do not believe any changes should be made in

17  the timing, form, or requirements for disclosures under Rule 26(a).

18  **B.      Subjects on which discovery may be needed, when discovery should be**

19  **completed, whether discovery should be conducted in phases or be limited**

20  **to or focused on particular issues [FRCP 26(f)(3)(B) & Order Topic No. 7]**

21  <u>Plaintiff's Statement Regarding Discovery</u>

22    Plaintiff does not anticipate the need for any limitations or modifications of the

23  discovery rules. Plaintiff does not believe discovery should be conducted in phases or

24  otherwise limited to or focused on particular issues.

25    Plaintiff anticipates that discovery may be needed on the following topics as relates to

26  the Roundup Concentrates challenged in the First Amended Complaint: conception,

27  formulation, design, manufacture, packaging, advertising, marketing, promotion,

28  distribution, offer for sale, sale, sales figures, consumer research, competitive considerations,

legal and regulatory compliance, and document and record creation, maintenance, retrieval, and retention.

<u>Defendant's Statement Regarding Discovery</u>

Monsanto is agreeable to not bifurcating this case, but believes that the parties should be encouraged to concentrate any discovery on class issues first.  Defendants anticipate that discovery may be needed on the following topics:  Plaintiff's purported purchase of the Roundup Concentrates, whether class certification is appropriate, the EPA's approval of the labels at issue in this case, consumers' reasonable understanding of what the Roundup Concentrates mean, consumer research, and consumer purchases of the Roundup Concentrates in California during the class period.

Monsanto does not believe that discovery is needed, proportional, or relevant regarding the following topics regarding the Roundup Concentrates identified by Plaintiff:  conception, formulation, design, manufacture, packaging, and document and record creation, maintenance, retrieval, and retention.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information (ESI), including the form or forms in which it should be produced [FRCP 26(f)(3)(C)]**

The parties are not currently aware of any issues concerning the retrieval, disclosure, or discovery of ESI, and expect to enter into a stipulation to govern the forms and procedures for producing ESI.

**D.     Any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Fed. R. Evid. 502 [FRCP 26(f)(3)(D)]**

The parties are not currently aware of any issues about claims of privilege or protection as trial-preparation materials. The parties expect to stipulate to a protective order modeled on the Sample Stipulated Protective Order provided by the Honorable Sheri Pym, the Magistrate Judge assigned to this matter, which includes a provision governing the inadvertent

10

*Martin v. Monsanto Company*, Case No. 16-cv-2168
JOINT RULE 26(f) REPORT

production of privileged or otherwise protected material. The parties may nevertheless also either jointly or unilaterally seek an order under Fed. R. Evid. 502.

**E.    Changes that should be made in the limitations on discovery imposed under the Federal or Local Rules, and other limitations that should be imposed [FRCP 26(f)(3)(E)]**

The parties, while reserving the right to request additional discovery in the future if necessary, do not currently anticipate the need for any changes to the limitations on discovery imposed under the Local or Federal Rules, or the imposition of other limitations.

Nevertheless, the parties agree that before serving requests for admission for the purpose of authenticating documents, the parties should first meet-and-confer in good faith and try to arrive at a stipulation regarding authenticity, with a party's stipulation to authenticity not unreasonable withheld.

**F.    Any other orders the Court should issue under Rule 26(c) or 16(b) and (c) [FRCP 26(f)(3)(F)]**

The parties are not currently aware of any other orders the Court should issue now.

**III.   SCHEDULING [C.D. Cal. Civ. L.R. 26-1 , Fed. R. Civ. P. 26(f)(3), and Order Topic Nos. 4-5, 11]**

Plaintiff's Proposed Schedule:

| Event | Date |
|---|---|
| Deadline to File Motion to Amend Pleadings | January 30, 2017 |
| Deadline to File Motion for Class Certification (pursuant to C.D. Cal. Civ. L.R. 23-3) | February 6, 2017 |
| Fact Discovery Cut-Off | August 11, 2017 |
| Deadline to Disclose Affirmative Expert Witnesses | September 15, 2017 |
| Deadline to Disclose Rebuttal Expert Witnesses | October 13, 2017 |
| Expert Discovery Cut-Off (including depositions) | November 10, 2017 |
| Deadline to File Summary Judgment (including *Daubert* motions) | December 11, 2017 |
| Pretrial Conference | March 5, 2018 |

*Martin v. Monsanto Company*, Case No. 16-cv-2168
JOINT RULE 26(f) REPORT

| Event | Date |
|---|---|
| Jury and Court Trial | April 2, 2018 |

Monsanto's Proposed Schedule:

| Event | Date |
|---|---|
| Deadline to File Motion to Amend Pleadings | January 30, 2017 |
| Deadline for Plaintiff to Disclose Class Experts if Any | February 6, 2016 |
| Plaintiff Files Motion for Class Certification, in Accordance with Local Rule 23-3 | February 6, 2016 |
| Opposition to Motion to Class Certification | March 6, 2016 |
| Deadline for Monsanto to Disclose Class Experts if Any | March 6, 2016 |
| Plaintiff Files Reply in Support of its Motion for Class Certification | March 27, 2016 |
| Hearing on Class Certification | April 10, 2017 |
| Fact Discovery Cut-Off | August 11, 2017 |
| Deadline to Disclose Affirmative Expert Witnesses, Except for Class Experts | September 15, 2017 |
| Deadline to Disclose Rebuttal Expert Witnesses, Except for Class Experts | October 13, 2017 |
| Expert Discovery Cut-Off (including depositions) | November 10, 2017 |
| Deadline to File Summary Judgment (including *Daubert* motions) | December 11, 2017 |
| Pretrial Conference | March 5, 2018 |
| Jury and Court Trial | April 2, 2018 |

Dated: December 29, 2016        Respectfully submitted,

/s/ Jack Fitzgerald[4]

**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN
*trevor@jackfitzgeraldlaw.com*

---

[4] Pursuant to Local Rule 5-4.3.4(a)(2)(i), Jack Fitzgerald hereby attests that concurrence in the filing of this document and its contents was obtained from all signatories listed.

MELANIE PERSINGER
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

**JACKSON & FOSTER, LLC**
SIDNEY W. JACKSON, III
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699
Fax: (251) 433-6127
***Counsel for Plaintiff and the Putative Class***

Dated: December 29, 2016      Respectfully submitted,

/s/ Stephen R. Smerek
**WINSTON & STRAWN LLP**
Stephen R. Smerek
*ssmerek@winston.com*
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615- 1735
Facsimile: (213) 615-1750

**WINSTON & STRAWN LLP**
George C. Lombardi
*glombardi@winston.com*
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

**WINSTON & STRAWN LLP**
John J. Rosenthal (admitted *pro hac vice*)
Adam S. Nadelhaft (admitted *pro hac vice*)
jrosenthal@winston.com
anadelhaft@winston.com
1700 K Street, N.W.
Washington, D.C.  20006-3817
Telephone: (202) 282-5785
Facsimile:  (202) 282-5100

***Attorneys for Defendant Monsanto Company***

13